# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Case No.: _____

JOSEPH McCOY,

    Plaintiff,

vs.

TOWN OF PITTSFIELD

    Defendant.

## COMPLAINT

Plaintiff Joseph McCoy brings the following Complaint for an injunction and damages against Defendant Town of Pittsfield.

## PARTIES

1. Mr. McCoy is an individual with an address of 322 Catamount Road, Pittsfield, New Hampshire 03263.

2. Defendant Town of Pittsfield is a municipal corporation and has a principal place of business at 85 Main Street, Pittsfield, New Hampshire 03263.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Mr. McCoy's claims under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (jurisdiction over claims arising under federal civil rights statutes).

4. This Court has jurisdiction over Mr. McCoy's claims for an injunction under 42 U.S.C. § 1983.

5. This Court has personal jurisdiction over the Defendants because they reside in or conduct business in New Hampshire.

6. This court also has pendant/supplemental jurisdiction under 28 U.S.C. § 1367(a) over any state law claims herein.

7. Venue is proper in this District because all the parties conduct business in this District, a substantial number of the acts alleged occurred in New Hampshire, and a majority of Defendants' employees referenced in this Complaint and other witnesses reside in New Hampshire.

**FACTUAL BACKGROUND**

8. Mr. McCoy and his wife, Linda McCoy, moved to their current address in Pittsfield, New Hampshire, in early 2014. Their property sits on Route 107. Mr. McCoy is 62 years old and has trouble walking with a crippled leg. He suffered that injury five years ago when he fell while working a construction job. One of his knees snapped during surgery and fused. Mrs. McCoy has arthritis and neck pain. Both of them rely on disability income, which only yields them $7,000 per year in income.

9. Mr. and Mrs. McCoy brought with them a 52-foot trailer and placed it in their front yard.

10. In July 2016, Mr. and Mrs. McCoy's son, Brian Bales, painted the word "TRUMP" on the trailer in large white letters (against a green background).

11. On August 11, 2016, Mr. McCoy's trailer caught the press's attention and landed on the front page (page A1) of the *Concord Monitor*.[1]

12. The headline of the article in the *Concord Monitor* stated, "LOUD &

---
[1] https://www.concordmonitor.com/For-Pittsfield-family-Trump-is-a-sign-of-things-to-come-3969354

PROUD  In Pittsfield, a 52-foot **sign** stands as one family's testament to Donald Trump and all that the Republican presidential nominee stands for." (Emphasis added)

13. In the article, Mr. McCoy states *why* he had the trailer in his front yard: "Trump is strong, tells it like it is, won't hold back no punches," he said.  "**That's why the trailer is out there.**  If I had to take it down to Washington, I'd get a tow truck, park it right down there.  That's 52 feet of Trump.  People need to see it." (Emphasis added)

14. The article demonstrates the *principal* use of the trailer was as a sign to express political speech, and that any use of the trailer for storage, if any storage existed, was *subordinate* to the trailer's use as a sign to express political speech.  In other words, the article demonstrates any use of the trailer for storage, if any storage existed, was not the *principal* use of the trailer.

15. The Town of Pittsfield's Planning Board adopted regulations for "storage containers" on March 11, 1997 as part of the Town's Zoning Ordinance.  The Town adopted revised regulations for "storage containers" on March 8, 2016, as part of a comprehensive revision of the Zoning Ordinance.

16. From 1997 to 2015, "storage container" was defined as "any truck trailer, box trailer, school bus, mobile home or other similar facility used for storage **or other purposes**." (Emphasis added)

17. From 2016 onward, Article 2, Section 3 of the Zoning Ordinance defines a "storage container" as "a truck trailer, box trailer, school bus, MANUFACTURED HOUSING unit, or similar mobile container parked continuously for 31 days or more and **used principally for storage** and not used for any person's residential occupancy or transient lodging" (hereinafter, "Ordinance").  (Emphasis added)

18. Among the changes above that the Town adopted to the Storage Container Ordinance, it removed the phrase "or other purposes" from the definition of "storage container" because that phrase contradicted the purpose of the regulations: the phrase could, for example, convert a school bus used *only* for transporting school children into a "storage container" under the Ordinance and place a local school bus company in violation of the Ordinance. A school bus, however, is obviously *not* a "storage container" under the Ordinance and *only* becomes a "storage container" if the school bus is used principally for storage.

19. After the publication of the article in the *Concord Monitor*, the Town allegedly received several complaints concerning the trailer. A member of the Town's Board of Selectmen, Carl Anderson, reported that information to Mr. McCoy and later confirmed it in a letter he wrote to Mr. McCoy dated January 11, 2020, stating "[o]ne of those complaints was about your trailer."

20. The Town's Board of Selectmen ultimately issued an order and directed Mr. McCoy to remove the trailer by July 2018 pursuant to the Ordinance. The Board's order was based solely on the fact that the trailer depicted "TRUMP" in large letters.

21. Mr. McCoy's trailer, however, clearly did not meet the definition of "storage container" since he did not use the trailer "principally for storage" but was, instead, using the trailer principally as a sign to express political speech. Rather, Mr. McCoy's trailer was a sign and clearly met the conditions in the Town's Zoning Ordinance, Article 9, Section 4, Permitting Conditions for Outdoor Signs.

22. During this time and afterward, the Board has allowed other residents in Pittsfield to have similar, unpermitted storage containers on their properties. Indeed, at a

4

Town Board of Selectman meeting on May 23, 2017, the Town's Code Enforcement Officer (Jesse Pacheco) stated there are trailers "all over the place." A Board Member (Carl Anderson) later reiterated that fact in his January 11, 2020, letter to Mr. McCoy: "what was obvious was that there were illegal storage containers all over the place." At the May 23, 2017 Board meeting, the Town Administrator (Cara Marston) also acknowledged there were "other properties that are technically in violation" of the Ordinance, but the Town had done nothing concerning those trailers. Mr. Anderson addressed those "other properties" at the May 23 meeting by stating they "are not on the agenda."

23. Three members of the Board of Selectmen – Mr. Anderson, Larry Konopka, and Jim Allard – repeatedly harassed Mr. McCoy about his trailer; upon information and belief, they undertook no steps to apply similar pressure to other property owners in the Town who had similar trailers.

24. Mr. Pacheco admitted to Mr. McCoy that the Board of Selectmen alleged it ordered Mr. McCoy to remove the trailer because of complaints the Town had received about it. Upon information and belief, however, the Town never received any complaints about Mr. McCoy's trailer. Indeed, in his January 11, 2020, letter, Mr. Anderson admitted he could not identify a single individual who complained about the trailer: "I didn't know who complained about your trailer. I didn't know then, and I don't know now. We were never given a name."

**COUNT I**
**(42 USC § 1983 – Free Speech)**

25. Mr. McCoy incorporates herein each and every allegation made in the

Paragraphs above as if fully set forth herein.

26. The Ordinance, as applied by the Town, is an unconstitutional abridgement of Mr. McCoy's right to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

27. The Ordinance, as applied by the Town, is an unconstitutionally overbroad restriction on expressive activity.

28. The Ordinance, as applied by the Town, is an unconstitutionally vague restriction on expressive activity.

29. The Ordinance, as applied by the Town, is a content-based and viewpoint-based restriction on speech.

30. The Ordinance, as applied by the Town, does not serve a significant government interest.

31. The Ordinance, as applied by the Town, does not leave open ample alternative channels of communication.

32. The Ordinance, as applied by the Town, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by it.

33. The Ordinance, as applied by the Town, is irrational and unreasonable, imposing unjustifiable restrictions on the exercise of protected constitutional rights. Because the Ordinance, as applied, is irrational and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment to the United States Constitution.

34. As a result of this conduct, Mr. McCoy is entitled to the remedies set forth

below.

## COUNT II
### (42 U.S.C. § 1983 – Equal Protection)

35. Mr. McCoy incorporates each and every allegation made in the Paragraphs above as if fully set forth herein.

36. The Ordinance, as applied by the Town, violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, it creates two classes: persons with unpermitted storage containers that express political speech and persons with unpermitted storage containers that do not express political speech.

37. These classifications have a direct bearing on the fundamental interest in free speech. The Town has no compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

38. The Ordinance, as applied by the Town, singles out persons who have unpermitted storage containers that express some form of political speech as a class to be specifically isolated from speech.

39. As a result of this conduct, Mr. McCoy is entitled to the remedies set forth below.

## COUNT III
### (Intentional Infliction of Emotional Distress)

40. Mr. McCoy incorporates each and every allegation made in the Paragraphs above as if fully set forth herein.

41. The Town, by extreme and outrageous conduct, intentionally or

recklessly caused severe emotional distress to Mr. McCoy by directing him to remove the trailer.

42. The conduct above is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. As a result of this conduct, Mr. McCoy has suffered damages in the form of extreme mental anguish and severe depression, and he has suffered a deterioration of his physical and mental well-being.

## COUNT IV
### (Negligent Infliction of Emotional Distress)

44. Mr. McCoy incorporates each and every allegation made in the Paragraphs above as if fully set forth herein.

45. The Town negligently caused severe emotional distress to Mr. McCoy by directing him to remove his trailer.

46. The Town knew or should have known this conduct would cause Mr. McCoy to suffer severe emotional distress.

47. As a result of this conduct, Mr. McCoy has suffered damages in the form of extreme mental anguish and severe depression, and he has suffered a deterioration of his physical and mental well-being.

WHEREFORE, Mr. McCoy respectfully prays for judgment against the Town of Pittsfield and the following remedies:

    A.    Declare the Town's actions violated Mr. McCoy's rights under the First and Fourteenth Amendments to the United States Constitution;

    B.    Declare that the Town's actions violated Mr. McCoy's rights under

       the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

C.     Preliminarily and permanently enjoin the Town from continuing to restrict Mr. McCoy from displaying his trailer;

D.     Award monetary damages in an amount to be determined at trial in an amount no less than $10 million;

E.     Award punitive damages;

F.     Award pre- and post-judgment interest;

G.     Award attorney's fees, costs, and expenses;

H.     Any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Mr. McCoy demands a jury trial on all claims so triable.

JOSEPH McCOY,

By His Attorneys,

FOJO LAW, P.L.L.C.

Dated: March 20, 2020                              */s/ Robert M. Fojo*
Robert M. Fojo (#19792)
264 South River Road, Suite 464
Bedford, NH 03110
Direct: (603) 473-4694
rfojo@fojolaw.com