UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Joseph McCoy

      v.                                    Civil No. 1:20-cv-362-JL
                                                Opinion No. 2020 DNH 217

Town of Pittsfield

## **MEMORANDUM ORDER**

In this action, which pits a property owner against his town over the enforcement of a zoning ordinance, resolution of the Town's motion for judgment on the pleadings hinges on the sufficiency of the factual allegations in the plaintiff's complaint.  Plaintiff Joseph McCoy sued the Town of Pittsfield, alleging that the Town's order to remove a 52-foot trailer depicting the word "TRUMP" from his property violated his rights under the United States Constitution and caused him emotional distress.  He brought two claims under 42 U.S.C. § 1983 (Count 1 for violation of free speech rights and Count 2 for violation of equal protection rights) and two claims under New Hampshire law for intentional and negligent infliction of emotional distress (Counts 3 and 4).  This court has jurisdiction over McCoy's federal claims under 28 U.S.C. §§ 1331 and 1343 because the claims present federal questions and arise from federal civil rights statutes, and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a).

Pittsfield moves for judgment on the pleadings, arguing that McCoy relies solely on unsubstantiated legal conclusions to support his free speech and equal protection claims under § 1983, and that his state claims are also insufficiently supported by facts and barred by statutory immunity doctrines.  After reviewing the parties' submissions and hearing oral argument, the court grants the motion in part and denies it in part.  As for McCoy's free speech claim, his

complaint contains enough facts that, when construed in his favor, support the inference that the Town of Pittsfield applied the ordinance against him in a way that discriminates against either the content or viewpoint of his speech, and that the Town's application of the ordinance was unconstitutionally vague.  The court further finds that McCoy has plead sufficient facts to satisfy the "similarly situated" element of his "class of one" equal protection claim.  The court, however, grants Pittsfield's motion as to the overbreadth portion of McCoy's free speech claim and Counts 3 and 4 in full, as McCoy has conceded that he is no longer pursuing those claims.

## I.  Applicable legal standard

A motion for judgment on the pleadings under Rule 12(c) is evaluated under essentially the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  See Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009).  Under this standard, McCoy must plead "factual content that allows the court to draw the reasonable inference that the [Town] is liable for the misconduct alleged."  Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015).  McCoy must also "do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013).  Dismissal is warranted when a complaint's factual averments are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture."  In re Montreal, Maine & Atl. Ry., Ltd., 888 F.3d 1, 6 (1st Cir. 2018) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

## II.  Background

Because a motion for judgment on the pleadings "calls for an assessment of the merits of the case at an embryonic stage," the court construes all well-pleaded facts from the complaint in

the light most favorable to McCoy and draws all reasonable inferences in his favor.  Perez-
Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  The following background
conforms to this requirement.

McCoy and his wife moved to Pittsfield in early 2014.[1]  Their property sits along state
Route 107.[2]  Along with their belongings, the McCoys brought a 52-foot trailer to their property
and placed it in the front yard.[3]  In July 2016, McCoy's son painted the word "TRUMP" in large
white letters on the trailer.[4]  The newly-painted trailer caught the attention of the local media and
led to a story that was published in the *Concord Monitor* on August 11, 2016.[5]  According to
McCoy, statements from the *Monitor* article show that he used the trailer primarily as a sign to
express political speech, and secondarily (if at all) for storage.[6]

The trailer also caught the attention of Pittsfield residents and its Board of Selectmen.
After the *Monitor* article was published, the Town allegedly received several complaints about
McCoy's trailer, but McCoy believes this is untrue.[7]  Nevertheless, at some point after the
article's publication, the Town's Board of Selectmen issued an order directing McCoy to remove
the trailer by July 2018 pursuant to a Town ordinance, purportedly because the trailer was an

---

[1] Complaint (doc. no. 1), at ¶ 8.

[2] Id.

[3] Id. at ¶ 9.

[4] Id. at ¶ 10.

[5] Id. at ¶ 11.

[6] Id. at ¶¶ 12-14.

[7] Id. at ¶¶ 19, 24.

unpermitted storage container.[8]  According to McCoy, however, the removal order was based solely on the fact that the trailer depicted the word "TRUMP" in large letters. [9]

Pittsfield first adopted regulations for storage containers as part of its zoning ordinance in 1997.[10]  From 1997 to 2015, the ordinance defined "storage container" as "any truck trailer, box trailer, school bus, mobile home or other similar facility used for storage or other purposes."[11] After the Town amended its ordinance in March 2016, the definition of storage container changed to "a truck trailer, box trailer, school bus, MANUFACTURED HOUSING unit, or similar mobile container parked continuously for 31 days or more and used principally for storage and not used for any person's residential occupancy or transient lodging."[12]  McCoy contends that his trailer did not meet the definition of storage container in the post-2016 ordinance because he was not using the trailer "principally for storage" but was instead using the trailer principally as a sign to express political speech, and the trailer met the conditions in the ordinance for outdoor signs.[13]

McCoy alleges generally that "during this time and afterward," Pittsfield has allowed other residents to keep similar, unpermitted storage containers on their properties.[14]  He further

---

[8] Id. at ¶¶ 20-21.  McCoy does not provide the date of the Town's order.

[9] Id. at ¶ 20.

[10] Id. at ¶ 15.

[11] Id. at ¶ 16.

[12] Id. at ¶ 17.

[13] Id. at ¶ 21.

[14] Id. at ¶ 22.  McCoy alleges that a member of the Board of Selectmen – Carl Anderson – wrote him a letter dated January 11, 2020 that references the Town's decision to order McCoy to remove the trailer and the fact that other "illegal storage containers" existed in the Town.  Id. at

asserts that three members of the Board of Selectmen – Carl Anderson, Larry Konopka, and Jim Allard – repeatedly harassed him about his trailer, but did not apply similar pressure to other residents with unpermitted storage containers.[15]

### III.   <u>Analysis</u>

Counts 1 and 2 of McCoy's complaint arise from 42 U.S.C. § 1983.  To state a claim under § 1983, McCoy must plausibly plead two essential elements, "(i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States."  Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013).  Pittsfield challenges only the second element of McCoy's § 1983 claims, namely, whether its conduct encroached on McCoy's constitutional rights.  The court addresses each count in turn.

#### A.      **Count 1 (Free Speech)**

Through Count 1, McCoy alleges that the ordinance, as applied by Pittsfield, is an "unconstitutional abridgement" of his right to freedom of speech under the First and Fourteenth Amendments of the Constitution and unconstitutionally vague and overbroad.[16]  Pittsfield contends that McCoy's challenge to the ordinance fails because it is based only on undeveloped,

---

¶¶ 22, 24.  McCoy does not provide a copy of this letter as an exhibit to his complaint or objection to Pittsfield's motion for judgment on the pleadings.

[15] Id. at ¶ 23.  McCoy does not specify when this alleged harassment occurred, or whether it occurred before the Town issued its order to remove the trailer, after the order, or both before and after.

[16] Complaint (doc. no. 1), at ¶ 26.

bald legal conclusions, and lacks the required factual predicate to state a plausible claim for relief.[17]  For the following reasons, the court finds that Count 1 states a cause of action.

"The First Amendment, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws 'abridging the freedom of speech.'"  Reed v. Town of Gilbert, 135 S. Ct. 2218, 2226 (2015) (quoting U.S. Const. amend. I).  "As a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."  United States v. Stevens, 559 U.S. 460, 468 (2010) (citing Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 573 (2002)); see also Iancu v. Brunetti, 139 S.Ct. 2294, 2299 (2019) ("The government may not discriminate against speech based on the ideas or opinions it conveys.").

The government may restrict speech in nonpublic fora "as long as the restrictions are 'reasonable and [are] not an effort to suppress expression merely because public officials oppose the speaker's view.'"  Cornelius v. NAACP Legal Defense and Education Fund, Inc., 473 U.S. 788, 800 (1985) (quoting Perry Educational Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 46 (1983)).  "The existence of reasonable grounds for limiting access to a nonpublic forum, however, will not save a regulation that is in reality a facade for viewpoint-based discrimination."  Id. at 811.

There are varying levels of discrimination under First Amendment jurisprudence. Content discrimination occurs whenever a government regulates "particular speech because of the topic discussed or the idea or message expressed."  Reed, 135 S.Ct. at 2226-27.  Content-based restrictions "are subject to strict scrutiny, which requires the government to demonstrate

---

[17] Doc. no. 10-1, at 5.

that the restriction advances a 'compelling interest' and is 'narrowly tailored to achieve that interest.'" Signs for Jesus v. Town of Pembroke, NH, 977 F.3d 93, 101 (1st Cir. 2020) (quoting Reed, 135 S.Ct. at 2218). Viewpoint discrimination is "an egregious form of content discrimination" in which "the government targets not subject matter, but particular views taken by speakers on a subject." Rosenberger v. Rector and Visitors of Univ. of Va., 515 U.S. 819, 829 (1995). In cases like this one involving political speech, the "First Amendment's guarantee of free speech applies with special vigor" and "affords the broadest protection to such political expression in order to ensure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." See Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 51 (1st Cir. 2011) (quotations omitted).

Pittsfield labels McCoy's as-applied challenge as lacking factual support. It further argues that McCoy concedes, through his allegation that the trailer was a sign and not a storage container, that he had no right to keep the trailer on his property as a storage container and thus suffered no constitutional injury. Neither argument supports dismissal of Count 1.

In challenging the sufficiency of the factual support for Count 1, Pittsfield focuses on the portion of the complaint in which McCoy recites this claim (paragraphs 27-33) and not the remainder of the complaint. The court must, however, read the complaint "as a whole" when ruling on a motion for judgment on the pleadings. See Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (noting that "there need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action"); Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011) ("The question confronting a court on a motion to dismiss is whether all the facts alleged, when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible.") (emphasis added).

7

Viewed as a whole and in the light most favorable to McCoy, the complaint contains just enough factual allegations to survive a motion for judgment on the pleadings.  Specifically, in paragraph 20, McCoy alleges that the Town ordered him to remove the trailer for violating the "storage container" section of the ordinance because the trailer depicted the word "TRUMP" in large letters, yet allowed other unpermitted trailers (that did not depict political speech or support for Mr. Trump) to remain.  These allegations, taken as true for purposes of this motion, support a claim for unconstitutional content (banning unpermitted storage containers with political messages) or viewpoint (banning unpermitted storage containers expressing support for then-political candidate Donald J. Trump) discrimination.  See Rosenberger, 515 U.S. at 828-29 ("Discrimination against speech because of its message is presumed to be unconstitutional . . . [and] [w]hen the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant.") (citing Turner Broadcasting System, Inc. v. FCC, 512 U. S. 622, 641-43 (1994) and R.A.V. v. St. Paul, 505 U. S. 377, 391 (1992)).

As for McCoy's assertion that the trailer was a sign and not a storage container, the court disagrees that this amounts to a concession that McCoy has not suffered any constitutional injury from Pittsfield's application of the ordinance.  The court can draw the reasonable inference from this allegation that by applying the storage container rule to him when he was using the trailer as a sign, the Town applied the ordinance in a way that repressed his First Amendment rights.  In other words, Count 1 can be read to allege that Pittsfield should have applied the sign rules to him all along, but its real intent was to use the storage container rule as a cover for unconstitutionally restricting his speech rights.

McCoy also challenges the Town's application of the ordinance on overbreadth and vagueness grounds.[18]  Pittsfield seeks dismissal of these aspects of Count 1 because they are based solely on bare conclusions of law.[19]

**Overbreadth**.  Pittsfield is correct that McCoy only supports his overbreadth claim with pure conclusions of law,[20] which the court cannot accept as true for purposes of deciding this motion.  See Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Without pointing to any specific factual allegation in the complaint, McCoy argues that he "adequately" alleges that Pittsfield's order to remove the trailer pursuant to the ordinance broadens the ordinance beyond its text to encompass unpermitted storage containers that express political speech.[21]  Even if the court were to accept this conclusory statement as true, it is insufficient to satisfy the rigorous standard for challenging a law or rule on overbreadth grounds.

Neither the United States Supreme Court nor the First Circuit Court of Appeals have determined "whether there is such a creature as an as-applied overbreadth challenge."  McCullen v. Coakley, 708 F.3d 1, 11 (1st Cir. 2013), rev'd and remanded on other grounds, 573 U.S. 464 (2014).  Neither party addresses this argument in their motion papers, and other Circuit Courts of Appeal appear to be split on this question.  Compare, Farrell v. Burke, 449 F.3d 470, 498 (2d

---

[18] Doc. no. 12, at 4.  McCoy's counsel conceded at oral argument that he is not making facial overbreadth or vagueness challenges to the ordinance.

[19] Doc. no. 10-1, at 5.

[20] See Complaint (doc. no. 1), at ¶ 27 and ¶ 28.

[21] Doc. no. 12, at 4.

Cir. 2006) ("All overbreadth challenges are facial challenges, because an overbreadth challenge

by its nature assumes that the measure is constitutional as applied to the party before the court."),

with Turchick v. United States, 561 F.2d 719, 721 n.3 (8th Cir. 1977) ("The 'as applied' method

vindicates a claimant whose conduct is within the First Amendment but invalidates the

challenged statute only to the extent of the impermissible application").

      It is clear, however, that an overbreadth challenge always contains a facial component.

See Hill v. Colorado, 530 U.S. 703, 731–32 (2000) (noting that "the overbreadth doctrine

enables litigants 'to challenge a statute, not because their own rights of free expression are

violated, but because of a judicial prediction or assumption that the statute's very existence may

cause others not before the court to refrain from constitutionally protected speech or

expression'") (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).  The court will

therefore evaluate McCoy's overbreadth claim under the facial challenge rubric.

      To show that the ordinance is overbroad, McCoy must prove that it "punishes a

'substantial' amount of protected free speech, 'judged in relation to the [rule's] plainly legitimate

sweep.'"  Virginia v. Hicks, 539 U.S. 113, 118-19 (2003) (quoting Broadrick, 413 U.S. at 615)).

An overbreadth finding "suffices to invalidate all enforcement of that law, 'until and unless a

limiting construction or partial invalidation so narrows it as to remove the seeming threat or

deterrence to constitutionally protected expression.'"  Id. at 119 (quoting Broadrick, 413 U.S. at

613).  This court must "vigorously enforce[ ] the requirement that a [law's] overbreadth be

substantial, not only in an absolute sense, but also relative to the [law's] plainly legitimate

sweep."  United States v. Williams, 553 U.S. 285, 292 (2008)).  "Invalidation for overbreadth is

'strong medicine' that is not to be 'casually employed.'"  Id. (quoting Los Angeles Police Dept.

v. United Reporting Publishing Corp., 528 U.S. 32, 39 (1999)).

McCoy has not shown, either through the factual allegations in his complaint or in his objection to Pittsfield's motion, how the ordinance punishes a "substantial" amount of protected speech in an absolute sense or in relation to the ordinance's plainly legitimate sweep.  In fact, McCoy does not even address the ordinance's "perfectly constitutional" applications or attempt to argue why its application to him is substantially punitive relative to its legitimate applications. Because McCoy's threadbare conclusions of law do not suffice to meet this vigorous standard at the pleadings stage, Pittsfield is entitled to judgment on the pleadings on the overbreadth portion of Count 1.

**Vagueness**.  McCoy's as-applied vagueness challenge fares slightly better.[22]  The vagueness doctrine implicates the Due Process Clause of the Fourteenth Amendment, not purely the First Amendment.  See Williams, 553 U.S. at 304; Kolender v. Lawson, 461 U.S. 352, 353-54 (1983).  A law is unconstitutionally vague when it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."  Id.  "The degree of vagueness that the Constitution tolerates – as well as the relative importance of fair notice and fair enforcement – depends in part on the nature of the enactment."  Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982).  "If, for example, the law interferes with the right of free speech or of association, a more stringent vagueness test should apply."  Id. at 499.

---

[22] Unlike overbreadth claims, the First Circuit Court of Appeals has recognized as-applied vagueness claims.  See United States v. Zhen Zhou Wu, 711 F.3d 1, 15 (1st Cir. 2013) ("Outside the First Amendment context, we consider whether a statute is vague as applied to the particular facts at issue . . . .") (emphasis in original) (internal quotation marks omitted).

After reviewing the complaint and hearing oral argument, it is unclear to the court whether this vagueness challenge involves a lack of fair notice, risk of discriminatory enforcement, both, or neither.  Although the text of the ordinance does not reference speech, McCoy alleges that Pittsfield used the ordinance to regulate his speech when it ordered him to remove his trailer based on the ordinance and the fact that the trailer depicted "TRUMP" in large letters.[23]  McCoy argues that this application of the ordinance was unconstitutionally vague because the Town failed to make clear whether all political speech may be prohibited, or only some types of speech or expression.[24]  Accepting McCoy's factual allegation about the Town's basis for its removal order as true, which the court must for purposes of this motion, the court can reasonably infer from this allegation that a person of ordinary intelligence would not have fair notice of what is prohibited under the ordinance or what a trailer must look like in order to pass muster under the storage container section of the ordinance.

Because McCoy alleges that the order interferes with his free speech rights, a "greater degree of specificity" is required, and under this more-stringent vagueness test, the Town's application of the ordinance to McCoy could also be viewed as "so standardless that it authorizes" some form of discriminatory enforcement.  Buckley v. Valeo, 424 U.S. 1, 77 (1976).  McCoy's complaint therefore contains minimally sufficient factual allegations to support a claim that the Town applied the ordinance against him (and interfered with his free speech rights) in a vague manner.  Pittsfield's motion for judgment on the pleadings on this portion of his claim accordingly must be denied.

---

[23] Complaint (doc. no. 1), at ¶ 20.

[24] Doc. no. 12, at 4.

In sum, McCoy's complaint alleges enough facts to state a plausible claim of constitutional injury stemming from the Town's application of the ordinance against him; namely, that the Town applied the ordinance in a manner that discriminated against the content or viewpoint of his speech, and in a vague manner.  McCoy has not alleged sufficient facts to support a claim that the ordinance is unconstitutionally overbroad.  Pittsfield's motion for judgment on the pleadings on Count 1 is therefore denied in part and granted in part.

### B.      Count 2 (Equal Protection – disparate treatment)

Pittsfield similarly argues that it is entitled to judgment on the pleadings on Count 2 of McCoy's complaint because that claim is not supported by sufficient factual allegations.  Instead, Pittsfield asserts that McCoy has plead only "[g]eneral and conclusory allegations" that the Town treated other similarly situated landowners differently,[25] which are insufficient to carry his burden of proving an equal protection claim at the pleadings stage.  McCoy counters that he has both sufficiently alleged the existence of other similarly situated landowners, and that the Town treated these landowners differently than him.  In this procedural posture – a Rule 12 challenge to the pleadings – McCoy has the better of the arguments.

McCoy asserts that the ordinance, as applied by Pittsfield, impermissibly creates two classes of residents – persons with unpermitted storage containers expressing political speech and persons with unpermitted storage containers not expressing political speech – and argues that the Town treats these classes differently in violation of the Constitution.[26]  Liberally construed,

---

[25] Doc. no. 10-1, at 7.

[26] Compl. (doc. no. 1) at ¶ 36.

this is a "class of one" theory of equal protection liability and, under such a theory, McCoy must

allege that he has "been intentionally treated differently from others similarly situated and that

there is no rational basis for the difference in treatment."  Donovan v. City of Haverhill, 311 F.3d

74, 77 (1st Cir. 2002) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per

curiam)).

Pittsfield's motion challenges the level of factual detail supporting the "similarly

situated" element of McCoy's equal protection claim.  For the following reasons, the court is not

persuaded by Pittsfield's arguments.

"An individual is 'similarly situated' to others for equal protection purposes when 'a

prudent person, looking objectively at the incidents, would think them roughly equivalent and

the protagonists similarly situated.'"  Davis v. Coakley, 802 F.3d 128, 133 (1st Cir. 2015)

(quoting Barrington Cove Ltd. P'ship v. Rhode Island Hous. & Mortgage Fin. Corp., 246 F.3d 1,

8 (1st Cir.2001)).  Although "[e]xact correlation [between comparators] is neither likely nor

necessary, id., "a class-of-one plaintiff bears the burden of showing that his comparators are

similarly situated in all respects relevant to the challenged government action."  Gianfrancesco v.

Town of Wrentham, 712 F.3d 634, 640 (1st Cir. 2013).

Here, the relevant comparison points are property owners in Pittsfield with unpermitted

storage containers on their properties, including trailers.  McCoy sufficiently alleges that these

similarly situated comparators exist (or existed at the time of the Town's action against him) and

did not receive similar treatment as he did from the Town.

Gianfrancesco v. Town of Wrentham does not compel a different result, as Pittsfield argues in its motion.[27]  There, the plaintiff simply alleged "that the regulatory and enforcement measures taken against Tom's Tavern were not also taken against 'similarly situated establishments'" but did not specify what made these other establishments similarly situated. 712 F.3d at 640.  This assertion was "so general and conclusory" that it could not survive a motion to dismiss.  Id.; see also Bel-Air Nursing & Rehab Ctr., Inc. v. Town of Goffstown, No. 16-CV-259-JL, 2018 WL 264091, at *7 (D.N.H. Jan. 2, 2018) (holding that plaintiff's "vague and conclusory reference to 'other business in analogous matters'" fell "far short" of showing of similarly situated comparators necessary to survive a motion to dismiss).  Here, McCoy's allegations, while generalized, provide further detail about the relevant comparators.  It also appears that McCoy based his allegations of other similarly situated property owners on whatever public information he had access to at the time.  And members of the Pittsfield Board of Selectmen acknowledged that other unpermitted storage containers or trailers existed, and that these property owners were not punished for violating the ordinance.[28]  McCoy has therefore sufficiently alleged the existence of similarly situated comparators for purposes of his equal protection claim.[29]

---

[27] Doc. no. 10-1, at 7.

[28] Doc. no 1, at ¶ 22.

[29] Under questioning at oral argument, McCoy's counsel acknowledged that his client obtained additional information about the alleged comparators, both through his own research and through public records requests to the Town.  Yet McCoy chose not to include that information in the complaint or his objection to Pittsfield's motion for judgment on the pleadings because he did not feel it was necessary under the case law.  Counsel for Pittsfield similarly relied on public records and other documents during oral argument that were not attached to its answer or motion for judgment on the pleadings.  The court's review of the instant motion would have been aided by this additional information and documentation, and had the court considered it, the motion

While McCoy must show "an extremely high degree of similarity between" himself and the persons to whom he compares himself to meet his burden of proving substantial similarity, here, he has done "more than 'point to nearby parcels in a vacuum and leav[e] it to the municipality to disprove conclusory allegations that the owners of those parcels are similarly situated,'" albeit by the slimmest of margins.  Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (quoting Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007)).  For example, McCoy alleges that the Town allowed other landowners in Pittsfield to maintain unpermitted storage containers (without political speech written on them) on their properties, and admitted this to him on several occasions.  These property owners were similarly situated because they had unpermitted storage containers, including trailers, on their properties.  This is the most relevant, if not the only relevant, factor in the present comparator analysis.  And Pittsfield does not state in its motion what other information about these alleged comparators McCoy should have provided at this stage of the case to show that they were truly similarly situated to him.

McCoy has also plead enough facts to support the allegation that the Town treated these other similarly situated landowners differently than him.  Specifically, he alleges that the Town took no enforcement action against these other unpermitted trailers or storage containers and did not apply similar pressure or harassment to these other property owners.[30]  This is adequate

_____

would not have converted to a motion for summary judgment.  See Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (When ruling on a Rule 12 motion, "[a] district court may also consider documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.") (quotations omitted).  Instead, the task of deciding this motion was frustratingly limited to drawing inferences from the few factual allegations actually plead in McCoy's complaint.

[30] Doc. no. 1, at ¶ 23.

factual content at the pleadings stage to "allow the court to draw the reasonable inference that [Pittsfield]" violated McCoy's equal protection rights by intentionally treating other similarly situated landowners differently.  Martinez, 792 F.3d at 179; see also Testa v. Salvatore Mancini Res. & Activity Ctr., Inc., No. CV 18-00566-WES, 2019 WL 2929333, at *3 (D.R.I. July 8, 2019), report and recommendation adopted, No. 1:18-CV-566-MSM-LDA, 2020 WL 91554 (D.R.I. Jan. 8, 2020) (finding sufficient plaintiff's allegation that she, as an executive director subject to an employment contract, was similarly situated to other "rank and file" employees subject to a collective bargaining agreement).  The court accordingly cannot grant judgment on the pleadings for Pittsfield on this basis alone.  Pittsfield may challenge the sufficiency of the evidence of similarly situated comparators or other elements of McCoy's equal protection claim through a properly supported motion under Rule 56 or Rule 50 later in the litigation.

### C.   Counts 3 and 4 (negligent and intentional infliction of emotional distress)

McCoy also asserts claims under New Hampshire law for negligent and intentional infliction of emotional distress arising from the Town's order to remove his trailer.  Pittsfield moves to dismiss these claims on various grounds,[31] but McCoy has not opposed that part of Pittsfield's motion.  At oral argument, McCoy's counsel conceded that he is no longer pursuing these claims and the court accordingly grants Pittsfield's motion and awards it judgment on the pleadings on Counts 3 and 4.

---

[31] Doc. no. 10-1, at 7-10.

IV.   **Conclusion**

For the reasons set forth above, Pittsfield's motion for judgment on the pleadings[32] is

GRANTED as to Counts 3, 4, and the overbreadth portion of Count 1, and DENIED as to the

remainder of Count 1 and all of Count 2.  Counts 3 and 4 and the overbreadth portion of Count 1

are dismissed with prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  December 10, 2020

cc:     Robert M. Fojo, Esq.
        Robert Joseph Dietel, Esq.

---

[32] Doc. no. 10.